PABLO APONTE DONATO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

*Número:* O-84-508    *Resuelto:* 25 de octubre de 1984

*Faustino R. Aponte,* abogado del peticionario; la Registradora recurrida compareció por escrito.

PER CURIAM: El 12 de abril de 1984 se presentó al Registro la Escritura Núm. 348 sobre Compraventa, otorgada el 12 de diciembre de 1983. Por este medio el Sr. Ulpiano López Laviena y otros le vendían a Pablo Aponte Donato una finca en Humacao. Los vendedores eran dueños tan sólo del usufructo y de una estructura que enclava sobre la propiedad. Del Registro surgía que la finca estaba inscrita a favor de la Corporación de Renovación Urbana y Vivienda (CRUV).

La Registradora recurrida denegó la inscripción el 2 de julio de 1984 y se acudió en alzada ante este foro. La cuestión planteada es si puede inscribirse la enajenación del usufructo y de la estructura enclavada sobre una finca inscrita a nombre de la CRUV, cuando la escritura que motiva la transferencia señala que los titulares del usufructo son dueños en pleno dominio de la finca e intentan vender ésta.

La contestación es no. El Art. 57 de la Ley Hipotecaria de 1979 (30 L.P.R.A. sec. 2260), dispone en parte:

Para registrar documentos por los que se declaren, trasmitan, graven, modifiquen, o extingan el dominio y demás derechos reales sobre bienes inmuebles, deberá constar previamente registrado el derecho de la persona que otorgue o en cuyo nombre sean otorgados los actos o contratos referidos.

El concepto de la previa inscripción o tracto sucesivo exige que esté previamente inscrito el derecho de la persona que otorgue la transmisión o gravamen. En la escritura otorgada en este caso se expresa que los vendedores son dueños en pleno dominio del inmueble cuya enajenación se pretende. Ello no corresponde a la realidad registral, pues de ella consta que CRUV es la dueña. Ello basta para denegar la inscripción. En A. Sanz Fernández, *Instituciones de Derecho Hipotecario*, Madrid, Ed. Reus, 1953, T. II, pág. 99, se afirma:

La previa inscripción ha de referirse al derecho de la persona que debe ser el titular registral según el título inscribi-

ble. Esta circunstancia exige una perfecta identidad objetiva entre lo que resulte del título y la inscripción, de la misma manera que en su aspecto subjetivo exige el tracto una perfecta identidad entre el titular inscrito y el que debe serlo según el título.

La identidad objetiva se refiere al derecho inscrito y a la finca —o derecho— sobre que recae.

Respecto del derecho ha de ser el mismo que se invoca en el título inscribible y las mismas sus circunstancias esenciales, especialmente las que pueden afectar a su extensión, duración —en su caso— y, muy especialmente, facultades dispositivas del titular.

Véase, también, R. M. Roca Sastre, *Derecho Hipotecario*, 6ta ed., Barcelona, Ed. Bosch, 1968, T. II, pág. 321 y ss.

El recurrente argumenta que debe inscribirse la venta únicamente en cuanto al derecho de usufructo sobre el solar y al de dominio sobre la edificación. El problema con este planteamiento es que ello no corresponde a lo que dice la escritura, de la cual surge que se pretende vender el pleno dominio de la finca. No puede sustituirse de este modo el objeto de la contratación.

*Se confirmará la calificación de la señora Registradora.*